IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARNELL WESLY MOON,

    *Plaintiff*,

v.

CHRISTOPHER GOMEZ, *et al.*,

    *Defendants*.

Case No. 1:23-cv-03373-JRR

## MEMORANDUM OPINION

Pending before the court is Defendants Michael D. Frazier, Christopher Gomez, Carlos Martinez, and Misty Shaw's Motion to Dismiss for Failure to State a Claim or in the Alternative, Motion to Transfer Case to the Eastern District of Kentucky. (ECF No. 18; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be GRANTED.

I. **BACKGROUND**[1]

On December 11, 2023, Plaintiff, at the time an inmate at United States Penitentiary Yazoo City, filed a complaint against Defendants Christopher Gomez, Carlos Martinez, Michael D. Frazier, and Misty Shaw, employees of the Federal Bureau of Prisons (FBOP). (ECF No. 1, the "Complaint.") In the Complaint, Plaintiff does not set forth a statement of his claim or identify what relief he seeks. Plaintiff does, however, identify 28 U.S.C. §§ 2671–2681, 28 U.S.C. § 1331, and 5 U.S.C. § 702 as the federal statutes at issue in the case. (*Id.* at pp. 3; ECF No. 1-10.) The listed statutes correspond to the Federal Tort Claims Act ("FTCA") (28 U.S.C. §§ 2671, *et seq.*) and the Administrative Procedure Act ("APA") (5 U.S.C. §§ 702, *et seq.*).

---

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 1.) *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

The United States, on behalf of all Defendants, filed the Motion on April 23, 2024. Plaintiff did not respond. On June 26, 2024, the court ordered Plaintiff to respond to the Motion and to comply with proper service procedures by July 12, 2024. (ECF No. 27.) Plaintiff filed an untimely amended complaint on July 29, 2024. (ECF No. 28.) On December 3, 2024, Plaintiff filed United States Marshals Service forms to effectuate service upon additional Defendants Shannon W. Phelps, Regional Direct of FBOP Southeast Regional Office, and Colette S. Peters, Director of FBOP, as well as the United States Attorney General and an Assistant United States Attorney for the District of Columbia. (ECF No. 33.)

## II.   LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

Defendants move to dismiss pursuant to Rule 12(b)(6). A motion asserted under Rule 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

When ruling on a motion to dismiss, the court may consider documents attached to the complaint without transforming the motion to dismiss into one for summary judgment. *See* FED. R. CIV. P. 10(c). The court may also consider materials attached to a motion to dismiss, so long as such materials are integral to the complaint and there is no dispute about the document's authenticity. *Reamer v. State Auto. Mut. Ins. Co.*, 556 F. Supp. 3d 544, 549 (D. Md. 2021), *aff'd*, No. 21-2432, 2022 WL 17985700 (4th Cir. Dec. 29, 2022), and *aff'd*, No. 21-2432, 2022 WL 17985700 (4th Cir. Dec. 29, 2022).

### III.    ANALYSIS

As an initial matter, the court is ever mindful that pro se filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards that filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); FED R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th

214, 218 (4th Cir. 2022). However, such liberal construction does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), aff'd, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### A. FTCA Claims

Defendants argue that Plaintiff's FTCA claims (ECF No. 1 p. 3) are time-barred. (ECF No. 18 ¶ 14.) An FTCA claim must be filed "within six months after the date of the mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The FTCA statute of limitations is non-jurisdictional; time-barred FTCA claims, therefore, are dismissed for failure to state a claim rather than for lack of subject-matter jurisdiction. *Est. of Van Emburgh by & through Van Emburgh v. United States*, 95 F.4th 795, 806 (4th Cir. 2024); *see United States v. Wong*, 575 U.S. 402, 410-12 (2015).

Plaintiff attached to his Complaint more than 60 pages of correspondence between him and the FBOP Mid-Atlantic Regional Office regarding his repeated attempts to submit tort claims for the office's review. (ECF No. 1-4.) This correspondence includes letters from FBOP rejecting Plaintiff's claims. (ECF No. 1-4 pp. 2, 59–62.) The rejection letters are dated August 24, 2022 and December 6, 2022. *Id.* Both rejection letters notified Plaintiff of the six-month period to file a lawsuit in United States District Court for review of the denial. *Id.* Plaintiff filed the Complaint on December 11, 2023, over a year after the most recent denial letter. (ECF No. 1.)

Equitable tolling of FTCA limitations may be available when a plaintiff "establishes '(1) that he has been pursuing his rights diligently,' and (2) 'some extraordinary circumstance stood in

his way and prevented timely filing.'" *Greene v. U.S.A.*, No. CV ELH-21-978, 2022 WL 911204, at *10 (D. Md. 2022) (quoting *Menominee Indian Tribe of Wis. V. United States*, 577 U.S. 250, 256 (2016)) (internal quotation omitted).  Plaintiff does not assert entitlement to equitable tolling and concedes he did not file his claim within time limitations.  *Id.*; *see also Rempersand v. United States*, No. GJH-18-2629, 2020 WL 2794558 (D. Md. May 29, 2020) ("The burden of establishing a basis for equitable tolling or estopping a defendant from relying on a statute of limitations rests with the plaintiff.").  Therefore, Plaintiff's FTCA claims will be dismissed as untimely.

### B. APA Claims

Plaintiff additionally indicates that he seeks relief under the APA.  (ECF No. 1-1.)  Section 702 of the APA authorizes judicial review of final agency action in claims "seeking relief other than money damages."  5 U.S.C. § 702.  Pursuant to section 704 of the APA, section 702 is limited to claims "for which there is no other adequate remedy in a court."  5 U.S.C. § 704.

Plaintiff's Complaint lacks detail regarding the nature of his APA claim; thus, the FBOP action he seeks review of and whether he seeks relief other than money damages is unclear.  To the extent he seeks review of FBOP's denial of his FTCA claims, his claim is not one for which there is no other adequate remedy in a court.  As FBOP's denial letters explained, Plaintiff had six months to file suit seeking review of the determination in District Court.  (ECF No. 1-4 pp. 2, 59–62.)  It appears that Plaintiff now asks this court to review the same denial letters under the APA.  Plaintiff may not use the APA to skirt FTCA limitations.  *See Huff v. U.S. Dept. of Army*, 508 F. Supp. 2d 459, 465 (D. Md. 2007), *aff'd*, 390 F. App'x 208 (4th Cir. 2010) (holding that plaintiff's claim was "manifestly not one 'for which there is no adequate remedy in a court'" when the Court of Federal Claims could have ordered the relief sought.).

### C. Service on Defendants

Separate from the substance of Plaintiff's claims, Plaintiff's Complaint warrants dismissal due to insufficient service of process. To serve the United States and its agencies, corporations, officers, or employees in their individual or official capacities, a plaintiff must serve a copy of the summons and complaint to the United States Attorney for the district where the action is brought and the Attorney General of the United States. FED. R. CIV. P. 4(i). The court provided notice to Plaintiff that failure to serve the United States Attorney General and the United States Attorney for the District of Maryland could result in dismissal without prejudice of Plaintiff's Complaint. (ECF Nos. 5, 7.) Plaintiff failed to timely serve the United States Attorney and Attorney General; instead, Plaintiff only provided service to Defendants at the Federal Bureau of Prisons Mid-Atlantic Regional Office. (ECF No. 6.) For this reason, and the reasons above, the complaint will be dismissed. *See Conyers v. Dep't of Com.*, No. GJH-17-1370, 2018 WL 1947073 (D. Md. Apr. 24, 2018) (dismissing pro se plaintiff's complaint for failure to serve the United States Attorney for the district where the action was brought and the Attorney General of the United States pursuant to Rule 4(i)).

### D. Plaintiff's Untimely Amended Complaint

By order on June 26, 2024, and in view of Plaintiff's incarcerated and pro se status, the court granted Plaintiff until July 12, 2024, to comply with the service procedures first set forth on December 28, 2023 (ECF No. 5) and to respond to the Motion or to file an amended pleading. (ECF No. 27.) On July 29, 2024, Plaintiff filed an amended complaint. (ECF No. 28.) Importantly, the amended complaint was signed July 19, 2024, a week following the court's final extension deadline. *Id*. at p. 28. This court notes that the amended complaint was untimely filed and finds that the substance of the amended complaint does not remedy the defects warranting dismissal described above. Additionally, on December 4, 2024, Plaintiff filed United Staes

Marshals Service forms for service of the United States Attorney General and the Assistant United States Attorney for the District of Columbia.  (ECF No. 33.)  This filing is untimely and still does not comply with the court's repeated instructions to serve the United States Attorney General and the United States Attorney for the District of Maryland.  (ECF Nos. 5, 7, 27.)

## IV.    CONCLUSION

For the reasons set forth herein, by separate order, Defendants' Motion to Dismiss (ECF No. 18) shall be GRANTED and this case will be DISMISSED.[2]

Date: December 12, 2024                                         __/S/_____
                                                                                          Julie R. Rubin
                                                                                          United States District Judge

---

[2] Given this court's decision to dismiss the case under Rule 12(b)(6), the court does not address Defendant's alternative request for transfer.